UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

STEPHANIE DE OLIVEIRA, for herself
and on behalf of others similarly situated,

    Plaintiff, (s)

v.

HOME ARTS DESIGN FLORIDA, CORP.
EDGARD A. SANTOS, individually,

    Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff STEPHANIE DE OLIVEIRA, for herself and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants HOME ARTS DESIGN FLORIDA, CORP., and EGARD A. SANTOS, individually, and alleges:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

2. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

## JURISDICTION AND VENUES

3. This is an action to recover money damages for unpaid overtime wages under the United States' laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

4. The venue is proper in this Court because all the actions raised in this complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## PARTIES

5. At all times, material to this action, Plaintiff STEPHANIE DE OLIVEIRA was a resident of Broward County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

6. Corporate Defendant HOME ARTS DESIGN FLORIDA, CORP. (hereinafter HOME ARTS DESIGN, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Broward County, Florida. Defendant is engaged in interstate commerce.

7. The individual Defendant EGARD A. SANTOS was and is now the partner/officer and operator of HOME ARTS DESIGN. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

8. All the actions raised in this complaint took place in Broward County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

9. This cause of action is brought by Plaintiff STEPHANIE DE OLIVEIRA as a collective action to recover from Defendants HOME ARTS DESIGN and EGARD A. SANTOS unpaid overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable

attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff also brings this action on behalf of all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2022, (the "material time") without being adequately compensated.

10. Defendant HOME ARTS DESIGN is a construction company specializing in commercial and residential remodeling. Defendant has offices located at 1135 SW 1st Way, Deerfield Beach, Florida 33441, where Plaintiff and other similarly situated individuals worked.

11. Defendants HOME ARTS DESIGN and EDGARD A. SANTOS employed Plaintiff STEPHANIE DE OLIVEIRA from approximately February 22, 2022, to July 28, 2022, or 22 weeks.

12. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff had duties as a secretary. Plaintiff was paid $18.00, $20.00, and $23.0 an hour.

13. During her relevant employment period with Defendants, Plaintiff had a regular schedule. Plaintiff worked five and seven days per week. From Monday to Friday, Plaintiff worked from 7:30 AM to 730 PM (13 hours each day). Plaintiff completed 65 hours in weeks of five days.

14. Twice per month, Plaintiff worked on Saturday and Sunday for 7 hours each day. In weeks of seven days, Plaintiff completed a total of 79 hours weekly.

15. Thus, during her employment with Defendants, Plaintiff worked 11 weeks with 5 days with 65 working hours and 11 weeks with 7 days with 79 working hours Plaintiff was not able to take bonafide lunch periods.

16. Plaintiff regularly worked 65 and 79 hours weekly. However, Plaintiff was paid at her regular rate, an average of 86 hours bi-weekly or 43 hours per week. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

17. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the actual number of hours worked every week.

20. Plaintiff disagreed with the number of hours worked and the wages paid, and she complained multiple times to the owner of the business EDGARD A. SANTOS.

21. On or about July 20, 2022, Defendants suspended Plaintiff due to her continuous complaints. Nevertheless, Plaintiff continued working from home.

22. On or about July 28, 2022, Defendants fired Plaintiff in retaliation for her demands about overtime payment.

23. On or about July 28, 2022, Defendants fired Plaintiff STEPHANIE DE OLIVEIRA due to her complaints about unpaid overtime hours and discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

24. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid overtime hours based on her best recollections.

25. Plaintiff STEPHANIE DE OLIVEIRA seeks to recover overtime wages for every hour worked over 40 in a week for all the relevant weeks that she worked for Defendants, retaliatory damages, liquidated damages, costs, attorney fees, and any other relief as allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

26. Plaintiff STEPHANIE DE OLIVEIRA re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. This action is brought by Plaintiff and those similarly situated to recover from the Employers HOME ARTS DESIGN unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of her employees for a workweek longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which she is employed."

28. At all times material to this action, Defendant was and continues to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a design and remodeling construction company, and through its business activity, it affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. The annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

29. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff had clerical duties, and through her daily activities, she regularly participated in interstate commerce. In addition, Plaintiff and those similarly situated, regularly, handled, or otherwise worked on goods and/or materials produced for commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

30. Defendants HOME ARTS DESIGN and EDGARD A. SANTOS employed Plaintiff STEPHANIE DE OLIVEIRA from approximately February 22, 2022, to July 28, 2022, or 22 weeks.

31. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff had duties as a secretary. While employed by Defendants, Plaintiff was paid $18.00, $20.00, and $23.00 an hour.

32. During her relevant employment period with Defendants, Plaintiff had a regular schedule. Plaintiff worked five and seven days per week. Plaintiff completed 65 hours in weeks of five days.

33. Twice per month, Plaintiff worked on Saturday and Sunday for 7 hours each day. In weeks of seven days, Plaintiff completed a total of 79 hours weekly.

34. Thus, during her employment with Defendants, Plaintiff worked 11 weeks with 5 days with 65 working hours and 11 weeks with 7 days with 79 working hours Plaintiff was not able to take bonafide lunch periods.

35. Plaintiff regularly worked 65 and 79 hours weekly. However, Plaintiff was paid at her regular rate, an average of 43 hours per week. The remaining hours were not paid at any rate, not even at the minimum wage rate as required by law.

36. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

37. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the actual number of hours worked every week.

39. The records, if any, concerning the number of hours worked by Plaintiff STEPHANIE DE OLIVEIRA and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

40. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid overtime wages is as follows:

> *Please note that this amount is based on a preliminary calculation that could be subject to modification as discovery could dictate. For simplification purposes, 3 O/T hours weekly paid to Plaintiff at the regular rate have not been deducted.

a. <u>Total amount of allegedly unpaid overtime wages</u>:

    Twenty-Three Thousand Three Hundred Forty-Two Dollars and 50/100 ($23,344.50)

b. <u>Calculation of such wages</u>:

Total time of employment: 22 weeks
    Total relevant period of employment: 22 weeks

**1.- Overtime for Two weeks paid at $18.00 an hour**
Total relevant weeks:2
Regular rate: $18.00 x 1.5= $27.00 O/T rate

i. O/T One week with 65 hours-25 O/T hours
$27.00 x 25 O/T hours=$675.00

ii. O/T One week with 79 hours
$27.0 x 39 O/T hours= $1,053.00

**2.- Overtime for Three weeks paid at $20.00 an hour**
Total relevant weeks:3 weeks
Regular rate: $20.00 x 1.5= $30.00 O/T rate

i. O/T for One week with 65 hours-25 O/T hours
$30.00 x 25 O/T hours=$750.00

ii. O/T for Two weeks with 79 hours
$30.00 x 39 O/T hours= $1,170.00 weekly x 2 weeks=$2,340.00

**3.- Overtime for Seventeen weeks paid at $23.00 an hour**
Total relevant weeks:17 weeks
Regular rate: $23.00 x 1.5= $34.50 O/T rate

i. O/T for Nine weeks with 65 hours-25 O/T hours
$34.50 x 25 O/T hours=$862.50 weekly x 9 weeks=$7,762.50

ii. O/T for Eight weeks with 79 hours
$34.50 x 39 O/T hours= $1,345.50 weekly x 8 weeks=$10,764.00

Total #1, #2, and #3:  $23,344.50

<u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents the unpaid half-time overtime wages.

43. At all times material, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly situated performed services and they worked over the maximum hours provided by the Act. Still, no provision was made by Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

44. At times mentioned, individual Defendant EGARD A. SANTOS was and is now the owner/director and manager of Defendant Corporation HOME ARTS DESIGN. Individual Defendant EDGARD A. SANTOS had absolute operational control of HOME ARTS DESIGN. Individual Defendant EDGARD A. SANTOS was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of HOME ARTS DESIGN concerning its employees, including Plaintiff and others similarly situated. He is jointly and severally liable for Plaintiff's damages.

45. Defendants HOME ARTS DESIGN and EDGARD A. SANTOS knew and showed reckless disregard for the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

46. Defendants HOME ARTS DESIGN and EDGARD A. SANTOS willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff STEPHANIE DE OLIVEIRA and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff STEPHANIE DE OLIVEIRA and other similarly situated and against the Defendants HOME ARTS DESIGN and EDGARD A. SANTOS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and available pursuant to Federal Law.

JURY DEMAND

Plaintiff STEPHANIE DE OLIVEIRA and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
**PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS**

48. Plaintiff STEPHANIE DE OLIVEIRA re-adopts every factual allegation stated in paragraphs 1-25 of this complaint as if set out in full herein.

49. At all times material to this action, Defendant was and continues to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a design and remodeling construction company, and through its business activity, it affects interstate commerce. Defendant has more than two employees

recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. The annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

50. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff had clerical duties, and through her daily activities, she regularly participated in interstate commerce. In addition, Plaintiff and those similarly situated, regularly, handled, or otherwise worked on goods and/or materials produced for commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

51. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

52. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

53. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

54. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

55. Defendants HOME ARTS DESIGN and EDGARD A. SANTOS employed Plaintiff STEPHANIE DE OLIVEIRA from approximately February 22, 2022, to July 28, 2022, or 22 weeks.

56. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff had duties as a secretary. While employed by Defendants, Plaintiff was paid $18.00, $20.00, and $23.00 an hour.

57. During her relevant employment period with Defendants, Plaintiff had a regular schedule. Plaintiff worked five and seven days per week. Plaintiff completed 65 hours in weeks of five days. In weeks of seven days, Plaintiff completed a total of 79 hours weekly.

58. Plaintiff regularly worked 65 and 79 hours weekly. However, Plaintiff was paid at her regular rate, an average of 43 hours per week. The remaining hours were not paid at any rate, not even at the minimum wage rate as required by law.

59. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

60. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

61. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the actual number of hours worked every week.

62. Plaintiff disagreed with the number of hours worked and the wages paid, and she complained multiple times to the owner of the business EDGARD A. SANTOS. Defendant offered Plaintiff to pay her a salary, but Plaintiff refused.

63. These complaints constituted protected activity under the FLSA.

64. However, on or about July 20, 2022, Defendants suspended Plaintiff due to her continuous complaints. Nevertheless, Plaintiff continued working from home.

65. As a direct result of Plaintiff's complaints, on or about July 28, 2022, Defendant EDGARD A. SANTOS fired Plaintiff in retaliation for her demands about overtime payment.

66. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

67. There is close proximity between Plaintiff's protected activity and her termination.

68. The motivating factor which caused Plaintiff's discharge, as described above, was her complaints seeking unpaid overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for her complaints about unpaid regular and overtime wages.

69. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

70. Plaintiff STEPHANIE DE OLIVEIRA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff STEPHANIE DE OLIVEIRA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants HOME ARTS DESIGN and EDGARD A. SANTOS that Plaintiff STEPHANIE DE OLIVEIRA recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants HOME ARTS DESIGN and EDGARD A. SANTOS to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff STEPHANIE DE OLIVEIRA further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff STEPHANIE DE OLIVEIRA demands a trial by a jury of all issues triable as a right by a jury.

DATED: September 26, 2022

                                    Respectfully submitted,
By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*