UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61817-CIV-HUNT
CONSENT CASE

STEPHANIE DE OLIVEIRA,
for herself and on behalf of
all others similarly situated,

        Plaintiff,

v.

HOME ARTS DESIGN FLORIDA,
CORP. and EDGARD A. SANTOS,

        Defendants.
_____/

## ORDER

THIS MATTER is before this Court following a December 5, 2022, fairness hearing on the Parties' settlement agreement. Pursuant to the Parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. See ECF Nos. 15, 16. Upon thorough review of the record, the statements of counsel at the hearing, and applicable law, the undersigned hereby ORDERS that the Parties' Motion be GRANTED as set forth below.

The Parties in this case seek approval of their claims under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201, *et seq*. Although Plaintiff has not alleged unpaid minimum wages pursuant to the FLSA, Plaintiff's settlement releases any claim that could be brought under the FLSA, and the Parties accordingly seek approval as if Plaintiff had raised such a claim. ECF No. 22 at 2. Before this Court can approve a settlement of FLSA claims, the undersigned must scrutinize the settlement and determine

that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Tr. Bank of Ala. Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, this Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

In scrutinizing the Settlement Agreement, this Court considered the above factors, the overall strengths and weaknesses of the Parties' respective positions, and the Parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The undersigned also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel. The Settlement Agreement also specifies the portion of the settlement amount to be paid to Plaintiff as wages and liquidated damages and the amount designated for attorney's fees and costs.

At the hearing, this Court notified the Parties that the Settlement Agreement contained improperly broad general releases. The Parties agreed to narrow the release limiting the release to claims that could have been asserted in this case. The Parties on

December 21, 2022, submitted a revised agreement, signed that day, reflecting these changes. So edited, the undersigned finds the new release narrow enough to be approved. Accordingly, this Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, this Court must review "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Having reviewed the billing records of Plaintiff's counsel, this Court finds that the amount of the settlement proceeds attributable to counsel's legal fees and costs is reasonable and appropriate.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

(1) The Parties' Settlement Agreement is APPROVED as modified, and this case is DISMISSED WITH PREJUDICE.

(2) The Court shall retain jurisdiction for 60 days to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 22nd, 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All Counsel of Record